UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARK and HELEN ROSS,                                                    No. 09-12073

                                 Debtor(s).
_____/

Memorandum on Motion for Review of Fees
_____

       The law firm of Lorden & Reed of Chatsworth, California, prepared the Chapter 13 petition for debtors Mark and Helen Ross. It did not act as their attorney of record, and did not file a disclosure of $2,694.00 in fees which it received from the debtors within about six months of the filing. The U.S. Trustee has moved the court for a review of these fees.[1]

       On January 9, 2009, a notice of default was recorded on behalf of Gateway Bank, FSB, the holder of the first deed of trust on the Ross' residence at 731 Del Ganado Road, San Rafael, California. The Rosses consulted a an entity called Modify Your Mortgage to assist them in modifying their obligation to the bank. After accepting $2000.00 for preliminary paperwork, Modify Your Mortgage informed Helen Ross that the company was not able to assist the Rosses with their loan modification since foreclosure had begun on their house. Modify Your Mortgage referred the Rosses to the Law

---

[1]The U.S. Trustee brought the motion in a subsequent case, No. 09-12708. The issues are more properly raised in this earlier case, which was dismissed. The court will make its ruling in this case.

1

Office of Lorden & Reed.

Helen Ross spoke with Zshonette Reed on January 24, 2009 and retained her for loan modification services on January 29, 2009. Ms. Reed informed the Rosses that they would be required to pay a flat fee of $4,495. She then mailed a fee agreement, which contained language stating that she was unable to provide bankruptcy assistance. The agreement provided:

> Client hires Attorney to use its best efforts to provide non-litigation loss mitigation services with regard to Client's mortgage, which may include foreclosure negotiations, mortgage re-negotiation, and other loss mitigation options. . . . THIS AGREEMENT DOES NOT INCLUDE FILING A LAWSUIT, ARBITRATION PROCEEDING, BANKRUPTCY PROCEEDING, OR CONDUCTING ANY LITIGATION PROCEEDING IN COURT.

At the same time, Lorden & Reed's website represented: "We are a full service, consumer-oriented law firm, practicing primarily in the area of real estate litigation, foreclosure defense and bankruptcy."

The U.S. Trustee makes two arguments. First, she argues that even though Lorden & Reed were not the attorneys of record in this Chapter 13 case they were nonetheless obligated to file a disclosure of their fees pursuant to § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Second, she argues that (since there was no way that a loan modification was possible given the Rosses financial situation and the amount they owed the amount to the bank) the service were worthless and the court should order the return of the fees to the Rosses.[2]

The court agrees that Lorden & Reed was required to file a fee disclosure and that its fees are subject to the court's review. The purpose of the attorney disclosure requirement is twofold: to insure that estate assets are not secreted with the help of an attorney in the guise of fees, and to make sure debtors are not gouged. See *In re Merriam,* 250 B.R. 724, 731 (Bkrtcy.D. Colo.2000), and cases therein cited. Exempting an attorney who attributes his fees to non-bankruptcy work when the

---

[2]While the Rosses agreed to pay Lorden & Reed $4,495.00, they actually paid only $2,694.00.

2

attorney has performed any services for a debtor in financial distress would defeat the purpose of the statute, which is to be broadly interpreted. *In re Perrine,* 369 B.R. 571, 581 (Bkrtcy.C.D.Cal. 2007). Thus, fees paid to an attorney in relation to a bankruptcy are subject to the provisions of § 329 even when the attorney is not the attorney of record. *Hale v. U.S. Trustee,* 509 F.3d 1139, 1147 (9th Cir. 2007). Moreover, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, promulgated to give effect to § 329, applies to "[e]very attorney for a debtor." Under state bar rules of professional conduct, an attorney-client relationship is created by any sort of consultation or advice, even if given for no fee at all. *Beery v. State Bar,* 43 Cal.3d 802, 811(1987).

In this case, Lorden & Reed was consulted after the notice of default was recorded. Once a debtor is in financial distress, any fees paid to an attorney, whether for the specific purposes of filing a bankruptcy or for the purpose of obtaining relief outside of bankruptcy, are subject to bankruptcy court review if a bankruptcy is filed within one year of payment. *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 478-9 (1933); *Matter of Prudhomme,* 43 F.3d 1000, 1004 (5th Cir. 1995). Having proudly proclaimed to the world that it was a full-service law firm, providing both foreclosure defense and bankruptcy services, Lorden & Reed cannot complain when their fees, in a case where they actually assisted debtors in filing a bankruptcy petition, are subject to bankruptcy court scrutiny.

Additionally, the court reaches the same result from a different analysis. Section 528 of the Bankruptcy Code, added in 2005, imposes certain obligations on debt relief agencies. Section 101(12A) defines "debt relief agency" as any person who provides any bankruptcy assistance to a consumer debtor for compensation. Section 101(4A) defines "bankruptcy assistance" as any services "sold or otherwise provided" to a consumer debtor with the express or implied purpose of providing advice, counsel or documentation with respect to a bankruptcy filing. Attorneys who provide these services are debt relief agencies. *Milavetz, Gallop & Milavetz, P.A. v. U.S.*, – U.S. –, 130 S.Ct. 1324, 1332 (2010).

Lorden & Reed admits that it accepted fees from the Rosses and thereafter advised them of the

3

availability of bankruptcy and prepared bankruptcy documents for them. These facts alone establish that Lorden & Reed was subject to § 329 and § 528. Where both bankruptcy and non-bankruptcy services are provided to a person in any sort of financial distress and payment is received, a law firm is not free to avoid scrutiny by allocating its fees to non-bankruptcy services and then claiming that its bankruptcy service were "pro bono." See this court's decision in *In re Pimentel,* 2010 WL 843771 (Bkrtcy.N.D.Cal 2010).

Having decided that Lorden & Reed's fees are subject to bankruptcy court review, the court must decide if any of the fees should be returned to the Rosses pursuant to § 329(b) or § 526(c)(2). The court begins this portion of its analysis by noting that while the allocation placed on its fees by Lorden & Reed is by no means binding on the court, the court is satisfied that the majority of Lorden & Reed's services were for loan modification and not bankruptcy. The reasonable value legal fees for counseling a debtor as to the availability of Chapter 13, advising a debtor that Chapter 13 would stop a pending foreclosure, and preparing a skeleton Chapter 13 filing is perhaps $500.00. Thus, about $2,194.00 of the fees the Rosses paid were for loan modification services.

There is a significant factual dispute as to the value of the loan modification services. The U.S. Trustee alleges that those services were of no value and loan modification was patently hopeless from the outset, so that all of the fees ought to be returned. Lorden & Reed alleges that it obtained a 20-month forbearance agreement from the bank, but that the Rosses failed to follow up on it. The U.S. Trustee disputes that Lorden & Reed obtained such a forbearance.

One fact which is undisputed is that Lorden & Reed did obtain a two-month delay of the foreclosure sale. Assuming that the rental value of the home was somewhere around the monthly payment, the Rosses did not lose anything by hiring Lorden & Reed. While Lorden & Reed may not have provided then Rosses with services as agreed, and may have taken fees under false pretenses by attempting a modification it knew was not possible, from a strictly *quantum meruit* standpoint the Rosses did not suffer a loss by hiring Lorden & Reed. Therefore, the court will not order the return

4

of any fees. However, the court will abstain from determining the actual value of the loan modification services and leave the Rosses with all of their rights to seek return of those fees or seek damages under non-bankruptcy law.

There remains the matter of Lorden & Reed's failure to file a fee disclosure statement in this bankruptcy case and failure to identify itself as a debt relief agency. The court feels that an order governing future conduct of Lorden & Reed is more appropriate than a monetary sanction.

The court will order that any time Lorden & Reed provides any bankruptcy advice or prepares any bankruptcy document for a client, whether or not it is counsel of record, it shall make reasonable inquiry as to whether the client has filed a bankruptcy and upon determining that there has been a filing it shall file a fee disclosure statement in accordance with § 329(a) and Rule 2016(b). All compensation received in the year before filing shall be disclosed, whether it be allocated to bankruptcy, loan modification, or other services.

The court will further order that if Lorden & Reed provides any bankruptcy services whatsoever it shall identify itself as a debt relief agency and otherwise fully comply with sections 526, 527 and 528 of the Bankruptcy Code. If Lorden & Reed decides to stop providing bankruptcy services to its clients, it shall cease representing itself as a "full service" law firm or otherwise indicating that it can provide all the services that a person in financial distress may need.

Counsel for the U.S. Trustee shall submit an appropriate form of order containing the above provisions and abstaining from the dispute over the value of the loan modification services.

Dated: June 16, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

5